## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DONALD G. HAGGARD,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **Case No: 6:14-cv-00338-JHP** |
| ) | |
| ) | **JURY TRIAL DEMANDED** |
| **(1) ARDMORE FAMILY YMCA** ) | |
| **(2) JUNE ELISEE, Officially and Individually** ) | **ATTORNEY  LIEN CLAIMED** |
| **(3) TOM RILEY, Officially and Individually** ) | |
| **(4) BURL WEBB, Officially and** ) | |
| **Individually** ) | |
| **(5) ARDMORE FAMILY YMCA,** ) | |
| **BOARD OF DIRECTORS, Officially and** ) | |
| **Individually** ) | |
| **(6) MOLLY KERKSTRA, Individually** ) | |
| ) | |
| **Defendants.** ) | |

## COMPLAINT

Plaintiff, Donald G. Haggard, a resident of Ardmore, Carter County, Oklahoma, for his claims against the Defendants alleges and states as follows:

1.      That he was employed by the Defendants 1-5 above in Carter County, Oklahoma in the Eastern District of Oklahoma.

2.      The unlawful employment practices and discrimination alleged were committed within Carter County,  Oklahoma.

3.      Plaintiff, Donald G. Haggard, is a Caucasian  male, over the age of forty (40) a citizen of the United States, who is a resident of the City of Ardmore within the jurisdiction of this Court.

4.      Defendants 1-5 were the employers of the Plaintiff within Carter County, Oklahoma with the power and authority to make and enforce rules and regulations and to discipline and hire employees.

5.      Within 300 days of the occurrence of the acts of which this Complaint is based, charges of discrimination were filed with the Equal Employment Opportunity Commission by the Plaintiff herein.

6.      Plaintiff received his Right to Sue letter from the Oklahoma City Office of the Equal Employment Opportunity Commission, entitling him to institute a civil action in the appropriate forum within ninety (90) days of the date of receipt of said notice on his claims of sex and age discrimination.  This action was initiated within the said ninety (90) days.  (See Exhibit "A", Right to Sue letter attached hereto).

**FIRST CAUSE OF ACTION**

**SEX DISCRIMINATION IN VIOLATION OF TITLE VII**

7.      Plaintiff was hired by the Defendant on or about August, 2002.  During all relevant times of his employment, Plaintiff received satisfactory performance evaluations.

8.      Defendants have engaged or intentionally engaged in unlawful employment practices and policies in violation of 42 U.S.C. § 2000 et seq. as follows:

A.      Maintaining policies and practices with respect to, but not limited to terms and conditions of employment which unlawfully operate to deny equal opportunity to persons over the age of forty because of their age.

B.      Wrongfully discriminating against the Plaintiff in reprisal for his complaints about failure to follow company policy and procedure regarding employee grievances and complaints.

C.      Terminating the Plaintiff based on him engaging in protected activity in violation of Title VII.

9.      Plaintiff,was terminated from his position with the Defendants on or about August 12, 2013.

10.      The effect of the policies and practices complained of in the above, has been to deprive male persons, including Plaintiff, of equal opportunities and otherwise to affect adversely his status as an employee and the terms and conditions of his employment because of his sex.

11.      Plaintiffs supervisor, was a woman, who  treated the Plaintiff adversely because he was a man.

12.      Further, Plaintiff has been deprived of income solely because of his sex in the form of wages, tenure, and prospective retirement benefits, Social Security, Unemployment Compensation benefits, and other benefits due to him as an employee.

13.      Plaintiff has suffered great mental harm because Defendant intentionally inflicted  emotional distress when Defendant unlawfully terminated the Plaintiff, and by giving  unfavorable references so that the Plaintiff has been unable to find comparable employment.

14.   Plaintiff has suffered great mental harm because Defendant, Molly Kerkstra, intentionally inflicted emotional distress when Defendant made false and harmful allegations of sexual misconduct resulting in Plaintiff's termination.

15.      Plaintiff has suffered great mental harm because Defendants 1-5, intentionally inflicted emotional distress when Defendants unlawfully terminated Plaintiff.

## SECOND CAUSE OF ACTION

### CONSPIRACY TO VIOLATE CIVIL RIGHTS - 42  U.S.C. 1985(3)

16.   Plaintiff adopts all prior allegations.

17.    Plaintiff states that immediately after he challenged the method of the investigation and person conducting the investigation he became the target of false

allegations of employment misconduct.  That his supervisor, Tom Riley, conspired with

employee June Elisee to  invent incidents and document alleged instances of misconduct

on the part of Plaintiff for the purpose of injuring him in his right to employment on the

basis of her age and his sex.

18.    Sex and age discrimination constitute a class based animus sufficient

for the imposition of liability under 42 U.S.C. Section 1985(3).

19.   Defendants, Elisee and Riley, made false allegations with regard to

complaints they alleged were made by Defendant Kerkstra and after the fact submitted

false information to give the impression that the false allegations of misconduct were

true.

20.    Plaintiff became aware of the conspiracy when he was asked by YMCA

members why he was no longer employed with the Ardmore Family YMCA, (because the

members were told the Plaintiff had been fired for sexually harassing a female employee

despite the fact that he had not).

21.    Plaintiff was accused of sexually harassing a female employee while at

work but other evidence and witnesses show that this is completely untrue, all of this was

done in an attempt to fabricate performance deficiencies so that the Plaintiff could be

fired.

**THIRD CAUSE OF ACTION**

**THIRD CLAIM  -  DEFAMATION**

22.   In the process of terminating the Plaintiff the Defendant, intentionally and

with malice, accused the Plaintiff of professional misconduct  although Management

knew  or should have known this to be false at the time the accusations were made.

23.   June Elisee and Tom Riley then published the false allegations

against the Plaintiff.

24.    As a result of the false, negligent and malicious publication against the Plaintiff  he has been placed in a false light and his reputation in the community has been damaged, and he has suffered emotional and mental distress.

## FOURTH CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

25.    Paragraphs 1-24 are incorporated by reference.

26.    Defendants false allegations and fabrication of evidence to justify the termination of the Plaintiff is extreme and outrageous.

27.    Plaintiff has suffered great mental harm because Defendants intentionally inflicted emotional distress when Defendants unlawfully terminated Plaintiff and falsified the reasons for his termination when they knew the allegations were false.

WHEREFORE, premises considered, the Plaintiff requests that this Court:

A.  Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in any employment practice, which discriminates on the basis of sex or age.

B.  Order the Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for qualified individuals over the age of forty (40), and women and which eradicate the effects of it's past and present unlawful employment practices.

C.  Order the Defendant to make whole the Plaintiff by providing him with lost earnings and insurance premiums, with pre-judgment interest, and compensation for past

and future pecuniary losses, including any out-of-pocket losses suffered by the Plaintiff

because of the unlawful discrimination, in amounts to be determined at trial but in excess of

 $175,000.00.

     D.  Order the Individual Defendants to pay punitive damages to the Plaintiff

for its malicious and/or reckless conduct in an amount to be determined at trial.

     E.  Grant such further relief as the Court deems necessary and proper.

     F.  Award the Plaintiff, pre and post judgment interest, costs, and attorney fees

 in this action

                                 **Respectfully submitted,**

                                 s/Traci L. Rhone

                                 _____
                                 TRACI L. RHONE, OBA #19285
                                 **Attorney for Plaintiff**
                                 **RHONE & ASSOCIATES, L.L.C.**
                                 **527 N.W. 23RD Street, Suite 200**
                                 **Oklahoma City, OK  73103**
                                 **Telephone:    405/602-5393**
                                 **Facsimile:    405/602-5390**

**ATTORNEY'S LIEN CLAIMED**

**JURY TRIAL DEMANDED**